# FARMERS STATE BANK OF IONA v. C. GEHLSEN AND ANOTHER.[1]

February 25, 1927.

No. 25,839.

**Misconduct of court and error in rulings not shown.**

    Record discloses no misconduct on the part of the trial court or prejudicial error in the rulings as to the admissibility of evidence.

Appeal and Error, 3 C. J. p. 825 n. 53.

Bills and Notes, 8 C. J. p. 1045 n. 81; p. 1065 n. 92; p. 1078 n. 59; p. 1079 n. 61.

Evidence, 22 C. J. p. 986 n. 9.

Witnesses, 40 Cyc. p. 2439 n. 4.

[1]Reported in 212 N. W. 599.

Plaintiff appealed from an order of the district court for Murray county, Nelson, J., denying its motion for a new trial. Affirmed.

*Evans & Evans,* for appellant.

*C. T. & C. B. Howard* and *R. W. Terry,* for respondent.

QUINN, J.

Action to recover upon a promissory note for $2,500 alleged to have been executed by C. Gehlsen and his father, Jurgen Gehlsen, to plaintiff on March 1, 1920, payable on demand. No service was had upon the defendant first named. The only issue in the case was whether Jurgen Gehlsen ever signed the note. There was a verdict in favor of the answering defendant. From an order denying its motion for a new trial, the plaintiff appealed.

It is not claimed but that the testimony was sufficient to make an issue for the jury as to whether the respondent signed the note. The right to a new trial is based squarely upon the conduct of the trial court. Upon cross-examination of respondent, referring to his various signatures which had been received in evidence, the question was asked: Well, this is about like one on the note, isn't it? Objected to on the ground that the note itself is the best evidence. Court: Oh, that is hardly fair. The objection is sustained. Q. Have you compared it carefully with the signatures which you saw him make? A. Yes, sir. Q. How does it compare with them? Objection sustained. No offer of proof was made. The objections were properly sustained. Q. Is that your signature on the back of that? A. No, that is different. Court: Well, is that yours? Did you sign it? A. I guess so, I wrote that, but then I could not say, you know. We discover no error or seeming prejudice, either by the rulings or remarks of the court. It is clearly evident that the court was trying to induce a direct answer from the witness to the questions propounded; nor are we able to detect any other effect from what occurred.

We discover no prejudicial error in the charge. The court in effect said to the jury: If after considering all of the evidence you are satisfied that respondent did not sign the note, then your verdict

would be in his favor, but if you are not so satisfied and are satisfied that he did sign it, then your verdict will be for the plaintiff. The note of itself, purporting to have been signed by respondent, was prima facie proof that it was so signed. But the respondent had denied under oath that he had signed it. There was then a clear-cut issue for the jury as to whether the signature in question was that of the respondent. The effect of the charge was to clearly and forcibly impress upon the jury that very question. There was no prejudicial error in the charge.

Affirmed.